IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LESTER BUTCHER,** : | **CIVIL ACTION NO. 1:06-CV-2243** |
| Plaintiff, : | (Judge Conner) |
| v. : | |
| **UNITED STATES OF AMERICA,** : et al., | |
| Defendants : | |

## **MEMORANDUM**

Presently before the court is a motion to dismiss (Doc. 15) plaintiff Lester Butcher's ("Butcher") Federal Tort Claim Act[1] ("FTCA") complaint pursuant to Fed. R. Civ. P. 12(b)(6), filed on behalf of the United States. For the reasons discussed below, defendant's motion will be granted and the claims against the United States Department of Justice and the Federal Bureau of Prisons will be dismissed for lack of jurisdiction.

## **I.  Statement of Facts**

Plaintiff filed an FTCA complaint on November 17, 2006, seeking monetary relief based on the negligent procedures employed during the course of his disciplinary proceeding. He alleges that on October 14, 2005, he received an incident report charging him with "Interfering with staff in performance of duties

---

[1] The FTCA is the exclusive remedy for claims of tort against employees of the government. See U.S. v. Smith, 499 U.S. 160, 161-62 (1991) (citing 28 U.S.C. § 2679(b)(1)); Schrob v. Catterson, 967 F.2d 929, 934 (3d Cir. 1992).

(high severity) and Most like Assaulting any person (minor assault)." (Doc. 2, p. 5).

The incident was described by the reporting officer as follows:

> On 10-13-05 at approximately 2:00 p.m., after completing a search of cell 224L A-1 unit, I walked out of the cell carrying confiscated items. Inmate Lester Butcher, # 03969-078, approached me and asked what I had. When I told him I was confiscating his head phones he said "no, those are mine" he then grabbed my hand and took the head phones from me. I then ordered him to return the head phones to me. He complied. I then notified the Operations Lieutenants. Inmate Butcher was medically assessed and no injuries were noted. I was medically assessed and had no injuries.

Id.

The disciplinary hearing was held on October 27, 2005. (Doc. 2, p. 7). After being advised of his rights, and indicating that he understood them, Butcher made the following statement:

> I never grabbed her hand. I was at the microwave while she was searching my cell. When she was finished, she came over to where I was and asked if I liked tattoos. I thought that maybe she found something to do tattoos with or something like that. I told her I don't do tattoos and asked her if she found something in my room. She said she took some headphones that were altered. I told her that my headphones were not altered, at this point she opened the bag to show me the headphones. I reached into the bag to show her the headphones were not altered and then I put them back in the bag and told her I wanted a confiscation form. I later asked her again for a confiscation form, as I have lost a lot of property in the past this same way. I think that she just did this because she was mad because I asked her for a confiscation form. At no time did I touch her.

(Id.) Butcher's staff representative noted no discrepancies in the disciplinary process, and reported that he met with Butcher in advance of the hearing to discuss the case and, as requested by Butcher, viewed the surveillance video tape of the

incident. (Id.) When questioned about the content of the video tape, the staff representative indicated that "he could not tell if Butcher had actually grabbed the officer's hand, as the angle of the camera only showed the officer's back and blocked the view of the actual incident as written." (Doc. 2, p. 8). Two inmate witnesses testified that they witnessed the disagreement over the headphones and one of the witnesses described Butcher's temperament as "heated." (Id.) However, both inmates testified that they did not see him take headphones from the officer or grab the officer's hand. (Id.) Butcher requested that the reporting officer be present. The DHO believed that she was an adverse witness, and felt that her account of the incident was adequately summarized in the incident report. Hence, he did not call her to testify. (Id.)

    The DHO, in weighing the above evidence, concluded as follows:

> After the consideration of all evidence, the DHO has drawn the conclusion [from the] greater weight of the evidence; specifically, the eyewitness account of the reporting staff member, that Butcher grabbed her hand, Aponte's [inmate witness] statement that Butcher was heated during the incident, coupled with the inmate's statement that he did take the headphones without the officer's consent, [that] the prohibited act of Interfering with staff in the performance of their duties (most like assaulting any person), Code 298, was committed.

(Id.) Butcher was sanctioned with thirty days of disciplinary segregation, twenty-seven days disallowance of good conduct time, and ninety days loss of telephone privileges based on the following:

> Interfering with staff in the performance of their duties (most like assault), hinders staff's ability to effectively and efficiently perform duties commensurate with their assigned duties. This type of behavior is considered disruptive to the security and orderly running of the institution which requires punishment. The sanctions imposed by the DHO were taken to let the inmate know that he, and he alone, will be held responsible for his behavior.
>
> It was noted that Butcher has a past disciplinary record of assaulting staff and fighting with other inmates. The sanctions of disciplinary segregation and loss of good conduct time were imposed to demonstrate the seriousness of the prohibited act and as punishment for his conduct. The loss of telephone privileges was imposed to deter further behavior. It is hoped that these sanctions prompt Butcher to modify his interactions with staff in the future.

(Id.)

On appeal, it was concluded that Butcher's due process rights were upheld during the disciplinary process, that the greater weight of the evidence supported the DHO's decision, and that the sanctions were commensurate to the severity level of the offense and in compliance with policy. (Doc. 2, p. 12).

Some time after the filing of the instant FTCA complaint, Butcher filed a petition for writ of habeas corpus pursuant to § 2241 with this court, challenging the above disciplinary proceeding and seeking restoration of his good conduct time. Butcher v. United States, No. 1:07-CV-0546. On July 23, 2007, the petition was denied. Butcher v. United States, No. 1:07-CV-0546, slip op. at 9 (M.D. Pa. July 23, 2007).

## II. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a claim that fails to assert a basis upon which relief can be granted. FED. R. CIV. P. 12(b)(6). In the context of a motion to dismiss under Rule 12(b)(6), the court must accept as true all of the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom. Langford v. City of Atlantic City, 235 F.3d 845, 847 (3d Cir. 2000) (citing Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)). Although the court is generally limited in its review to the facts alleged in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997) (stating that, although "a district court ruling on a motion to dismiss may not [generally] consider matters extraneous to the pleadings[,] . . . a document integral to or explicitly relied upon in the complaint" may be considered "without converting the motion [to dismiss] into one for summary judgment") (quoting Shaw v. Digital Equip. Corp., 82 F.3d 1194, 1224 (1st Cir. 1996)).

## III. Discussion

Defendant first argues that plaintiff's complaint is subject to dismissal because "Butcher failed to first successfully challenge the procedures employed and the ultimate decisions by way of habeas corpus petitions." (Doc. 16, p. 8). The Court agrees.

In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court ruled that a constitutional cause of action for damages does not accrue "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," until the plaintiff proves that the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id. at 486-87.  Thereafter, the Supreme Court applied the lessons of Heck to an  action challenging the constitutionality of prison disciplinary procedures wherein the plaintiff was seeking compensatory and punitive damages, not the restoration of the loss of good conduct time.  Edwards v. Balisok, 520 U.S. 641, 646 (1997).  The Edwards Court concluded that such a claim is not cognizable if a favorable outcome would necessarily imply the invalidity of the challenged judgment, which in that case was a disciplinary conviction and punishment. Edwards, 520 U.S. at 646-48.

Similarly, it has been found that claims are not cognizable under the FTCA insofar as a ruling in plaintiff's favor would imply the invalidity of a conviction.  See Parris v. United States, 45 F.3d 383, 385 (10th Cir. 1995); Erlin v. United States, 364 F.3d 1127, 1133 (9th Cir. 1994) (finding that an FTCA claim "for negligently calculating a prisoner's release date, or otherwise wrongfully imprisoning the prisoner, does not accrue until the prisoner has established, in a direct or collateral attack on his imprisonment, that he is entitled to release from custody."); Watkins v.

Holt, 2006 WL 2331090, at *2 (D.D.C. 2006) (applying Heck in an FTCA action alleging negligence by Bureau of Prisons employees in miscalculating a prison sentence and holding that "absent a showing that plaintiff's conviction or sentence is invalid, he cannot recover damages under the FTCA."); Rashid v. Monteverde & Hemphill, 1997 WL 360922, at * 7 n. 15 (E.D. Pa. 1997) (applying Heck to FTCA claims involving false arrest, false imprisonment and malicious prosecution). This rule has also been applied to a conviction obtained *via* a disciplinary hearing proceeding. See Hinton v. United States, 91 Fed. Appx. 491, 2004 WL 540473 (6th Cir. 2003) (not recommended for full text publication) (in applying Heck, the appellate court held "here, plaintiff seeks return of the documents for which he stands convicted of forging or counterfeiting, and money damages for the allegedly tortious confiscation of the documents . . . plaintiff's claims are not cognizable under the FTCA insofar as a ruling in plaintiff's favor would imply the invalidity of plaintiff's disciplinary conviction."). Although the United States Court of Appeals for the Third Circuit has not specifically applied the Heck rule in the FTCA context, the Court is persuaded by the reasoning of the other courts that have applied the rule.

In the matter *sub judice*, plaintiff seeks monetary damages due to the negligent procedure employed in conducting his disciplinary proceeding. This court has considered, and rejected, Butcher's § 2241 petition that raised the identical issues raised here. Clearly, an adjudication in his favor on the FTCA would implicate the continued validity of his prison disciplinary conviction and

7

sanctions and would fly in the face of this Court's prior determination regarding the validity of that conviction.  Consequently, his claim is not cognizable and defendant's motion to dismiss will be granted.

Finally, the FTCA provides absolute immunity to federal agencies and federal employees for liability on tort claims.  28 U.S.C. § 2679(a), (b)(1); see U.S. v. Smith, 499 U.S. 160, 161-65 (1991).  It is well-established that a complaint filed pursuant to the FTCA must be brought against the United States. 28 U.S.C. § 2679(b)(1).  An agency or employee of the United States is not a proper defendant in such an action.  28 U.S.C. § 2679(b); Sprecher v. Graber, 716 F.2d 968, 973 (2d Cir. 1983).  Because the FTCA authorizes suits only against the United States, see 28 U.S.C. § 2679, Butcher's claims against the United States Department of Justice and the Federal Bureau of Prisons will be dismissed for lack of jurisdiction.

An appropriate order will issue.

   S/ Christopher C. Conner  
CHRISTOPHER C. CONNER  
United States District Judge

Dated:     July 30, 2007

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LESTER BUTCHER,** | : | **CIVIL ACTION NO. 1:06-CV-2243** |
| | : | |
| **Plaintiff,** | : | **(Judge Conner)** |
| | : | |
| v. | : | |
| | : | |
| **UNITED STATES OF AMERICA,** | : | |
| et al., | : | |
| | : | |
| **Defendants** | : | |

## **ORDER**

AND NOW, this 30th day of July, 2007, upon consideration of defendant's motion to dismiss (Doc. 15) plaintiff's complaint, it is hereby ORDERED that:

1. The claims against the United States Department of Justice and the Federal Bureau of Prisons are DISMISSED for lack of jurisdiction. See 28 U.S.C. § 2679.

2. Defendant's motion to dismiss (Doc. 15) is GRANTED. The complaint against the United States is hereby DISMISSED.

3. The Clerk of Court is directed to CLOSE this case.

4. Any appeal from this order is DEEMED frivolous and not in good faith. See 28 U.S.C. § 1915(a)(3).

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge